# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAMON MCCULLOUGH, | CASE NO. 3:22-CV-00645-JRK |
| Plaintiff, | |
| | JUDGE JAMES R. KNEPP, II |
| v. | |
| | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL SECURITY, | JENNIFER DOWDELL ARMSTRONG |
| | **REPORT AND RECOMMENDATION** |
| Defendant, | |

## I. INTRODUCTION

Plaintiff Damon McCullough ("Mr. McCullough") seeks judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF Doc. 1). The District Court has jurisdiction under 42 U.S.C. §§ 1383(c) and 405(g). Pursuant to Local Civil Rule 72.2, this matter was referred to a magistrate judge for preparation of a Report and Recommendation, and it was subsequently reassigned to me pursuant to General Order No. 2022-14. For the reasons below, I RECOMMEND that the Court AFFIRM the final decision of the Commissioner.

## II. PROCEDURAL HISTORY

On November 24, 2015, Mr. McCullough filed an application for DIB and SSI, alleging a disability onset date of July 30, 2009. (Tr. 103).[1] His application was denied initially on April 6, 2015, and upon reconsideration on May 29, 2015, and Mr. McCullough requested a hearing before

---

[1] The transcript referred to in this Report and Recommendation can be located on ECF Doc. 6 on CM/ECF.

an administrative law judge ("ALJ"). (*Id.*). On January 26, 2017, the ALJ issued a written decision finding that Mr. McCullough had the ability to perform a reduced range of light work, including a significant number of jobs in the national economy, and thus was not disabled. (Tr. 100-28). Specifically, the ALJ determined that Mr. McCullough could perform the job of Surveillance System Monitor and that 17,000 such jobs existed in the national economy. (Tr. 122). The ALJ's decision became final on November 27, 2017, when the Appeals Council declined further review. (Tr. 129-34); 20 C.F.R. § 404.981.

On February 5, 2018, Mr. McCullough filed a complaint in this Court to review the Commissioner's final decision. (Tr. 135-41; *see also McCullough v. Comm'r of Soc. Sec.*, No. 3:18CV288, ECF Doc. 1). On May 3, 2018, Defendant filed a Motion to Dismiss the Complaint based on Mr. McCullough's failure to file within 60 days, as required by as required by 42 U.S.C. § 405(g). (*McCullough v. Comm'r of Soc. Sec.*, No. 3:18CV288, ECF Doc. 10). On July 16, 2018, Magistrate Judge Greenberg issued a Report and Recommendation ("R&R") construing Defendant's motion to dismiss as a summary judgment motion because it relied on matters outside the pleadings, including several exhibits and an affidavit. (*Id.*, ECF Doc. 11). Magistrate Judge Greenberg then concluded that summary judgment was appropriate because Plaintiff failed to timely file the underlying civil action and provided no basis for an extension of the statutory deadline. (*Id.*). On August 31, 2018, Judge Carr adopted Magistrate Judge Greenberg's R&R and granted Defendant's motion to dismiss. (*Id.*, ECF Doc. 12); (Tr. 16); *McCullough v. Comm'r of Soc. Sec.*, No. 3:18CV288, 2018 WL 4189524, at *5 (N.D. Ohio Aug. 31, 2018).[2]

---

[2] Mr. McCullough's counsel asserts that the ALJ, in stating that counsel failed to timely file in federal court, was not "privy" to the fact that counsel requested an extension for time to file to the Appeals Council due to health-related issues. (ECF Doc. 13 at 4, n. 1). However, counsel acknowledges that Mr. McCullough's complaint did not get filed until February 2018—past the 60 day deadline of January 31, 2018—due to personal health complications. (*Id.*). Significantly, counsel never raised this assertion in the previous case because she did not file an objection to Magistrate Judge Greenberg's Report and Recommendation recommending granting the Commissioner's motion to dismiss. *See McCullough v. Comm'r of Soc. Sec.*, No. 3:18CV288, 2018 WL 4189524, at *1 ("What is more,

On March 13, 2018, Mr. McCullough filed another application for DIB and SSI, again alleging a disability onset date of July 30, 2009. (Tr. 395-402). This application was denied initially on July 9, 2018, and upon reconsideration on October 2, 2018, and Mr. McCullough requested a hearing before an ALJ. (Tr. 241-47, 249-62). An ALJ held a hearing on May 29, 2019 where Mr. McCullough, represented by counsel, and an impartial vocational expert testified. (Tr. 16). On February 4, 2021, the ALJ issued a written decision finding Mr. McCullough was disabled as of March 13, 2018. (Tr. 16-29). In her decision, the ALJ determined that Mr. McCullough was capable of performing a reduced range of light work, and specifically the job of Surveillance System Monitor, but that only 3,000 of these jobs existed in the national economy, which she determined was not a significant number, and therefore was disabled. (Tr. 21, 28-29). The ALJ's decision noted that Mr. McCullough's alleged onset of July 30, 2009, constituted an implied request for reopening of his prior application by alleging an onset of disability during the previously adjudicated period. (Tr. 17). Yet, the ALJ determined nothing warranted a change in the previous ALJ's decision from January 26, 2018, and denied Mr. McCullough's request to reopen his previous case. (*Id.*). Mr. McCullough asserts the following single assignment of error:

1. Good cause exists to reopen the ALJ's January 2017 [decision] as there was an error on the face of the decision.

(ECF Doc. 13 at 1).

### III. THE ALJ'S DECISION

In her February 4, 2021 decision, the ALJ made the following findings:[3]

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2015.

---

McCullough has not submitted any objection to the Magistrate Judge's recommendation."); *Kissinger v. Comm'r of Soc. Sec.*, 28 F. App'x 478, 478 (6th Cir. 2002) ("A party who does not file specific objections to a magistrate judge's report and recommendation" generally "waives his right to appeal.").

[3] The ALJ's findings from the February 4, 2021 decision are summarized.

2. The claimant has not engaged in substantial gainful activity since the application date (20 CFR 416.971 *et seq*.).

3. Since the application date, the claimant has had the following severe impairments: ulnar neuropathy from the elbow relative to the dominant right upper extremity; carpal tunnel syndrome, status-post trigger release surgery; degenerative disc disease of the thoracic and cervical spine; lumbar radiculopathy; major depressive disorder with psychotic features; schizoaffective disorder, bipolar type, and antisocial personality disorder (20 CFR 404.1520(c) and 416.920(c)).

4. Since July 30, 2009, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that since July 30, 2009, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: in that he can lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently using either the left upper extremity alone or with both upper extremities. If the claimant uses only the dominant right upper extremity, he is limited to lifting, carrying, pushing and pulling 15 pounds both occasionally and frequently. He can occasionally push and pull, operate hand controls, handle, and finger with the dominant right upper extremity. He cannot, with the right upper extremity, reach overhead, and can rarely (defined as less than occasional, but not totally precluded) reach to the rear, and can occasionally reach to the front and laterally to the side. He cannot perform any repetitive motions with the right upper extremity. There are no limitations associated with the left upper extremity. He can sit for 6 hours out of an 8-hour workday and can stand and/or walk for 6 hours out of an 8-hour workday. He can never climb ladders, ropes or scaffolds or crawl and can occasionally climb ramps and stairs and nee. He can frequently crouch, stoop or balance. He cannot work around unprotected heights or unprotected moving mechanical machinery. He cannot perform any commercial driving. He can have only occasional exposure to extreme cold, heat or humidity along with dust, fumes, odors, gases or other pulmonary irritants. He can respond appropriately to usual work situations and to changes in a routine work setting that are repetitive from day to day with few and expected changes. The claimant cannot have any interaction with the general public and can only be in the proximity of the general public on a rare (defined as less than occasional but not totally precluded) basis. He can have occasional interaction with supervisors and rare interaction with coworkers with no team or tandem tasks. The claimant cannot perform work where the pace of productivity is controlled by an external source over which he has no control such as a conveyor belt or assembly line.

6. Since July 30, 2009, the claimant has been unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

4

7. On the established disability onset date, the claimant was a younger individual age 18- 49 (20 CFR 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. The claimant's acquired job skills do not transfer to other occupations within the residual functional capacity defined above (20 CFR 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(C) and 416.966).

(Tr. 19-28).

## IV. LAW & ANALYSIS

### A. *Standard of Review*

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App. 315, 320 (6th Cir. 2015) (quoting *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently[.]" *Cutlip* at 286; *Kinsella v. Schweiker*, 708 F.2d 1058, 1059-60 (6th Cir. 1983).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether the Commissioner applied proper legal standards. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See, e.g.*, *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.").

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) (alteration in original)).

### B. *Standard for Disability*

The Social Security regulations outline a five-step sequential evaluation process that the ALJ must use in determining whether a claimant is disabled: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of impairments, meets or equals any of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) if not, whether the claimant can perform her past relevant work in light of his RFC; and (5) if not, whether, based on the claimant's age, education, and work experience, he can perform other work found in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642-43 (6th Cir. 2006). The claimant bears the ultimate burden of producing sufficient

evidence to prove that he is disabled and, thus, entitled to benefits. 20 C.F.R. § 404.1512(a). Specifically, the claimant has the burden of proof in Steps One through Four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at Step Five to establish whether the claimant has the RFC to perform available work in the national economy. *Id.*

### C. *Analysis*

Mr. McCullough's assertion that good cause exists to reopen the ALJ's January 2017 decision due to alleged error on the face of the decision is not well-taken because this Court lacks jurisdiction to review this decision in the absence of a constitutional challenge. Specifically, the Social Security Act authorizes judicial review of the Commissioner's final decision. 42 U.S.C. §§ 405(g), 1383(c)(3). The Supreme Court—and the Sixth Circuit and courts within this district—have held that the Social Security Act does not authorize judicial review of an ALJ's refusal to reopen a claim for Social Security benefits absent a constitutional challenge. *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977); *Harper v. Sec'y of Health & Human Servs.*, 978 F. 2d 260, 262 (6th Cir. 1992) ("A refusal to reopen a prior application is not a final decision and may not be reviewed by the courts.") (assuming *arguendo* the existence of a constitutional claim); *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) ("A court may not review a refusal to reopen an application for benefits absent a constitutional challenge."); *Anderson v. Comm'r of Soc. Sec.*, No. 1:18 CV 2991, 2019 WL 4017660, at *3 (N.D. Ohio July 25, 2019) (Knepp, M.J.) ("[A] decision to deny a motion to reopen is not a final decision subject to judicial review.").

Here, Mr. McCullough does not assert a constitutional challenge in requesting review of the refusal to reopen his claim for Social Security benefits. Rather, he asserts that good cause exists to reopen his prior application from 2015 "as there was an error on the face of the ALJ's decision."

7

(ECF Doc. 13 at 9). Mr. McCullough contends – citing 20 C.F.R. § 404.988, the Social Security Administration's regulation regarding the conditions for reopening – that the ALJ's 2017 decision was based on concurrent applications filed by him on November 24, 2015. (*Id.* at 10). He states that he alleged disability as of July 30, 2009 in his application, acquired sufficient quarters of coverage to remain insured through March 31, 2015 (his date last insured), and his claims were denied initially on April 6, 2015. (*Id.*). Mr. McCullough further asserts he subsequently filed a concurrent claim on March 12, 2018, before the 4-year statute of limitations. (*Id.*). Thus, he argues he satisfied the first prong for reopening of his prior application. (*Id.*).

Mr. McCullough also asserts that he meets the statutory definition for good cause because there is evidence considered by two ALJs in making issuing their decisions that clearly show on its face that the ALJs erred. (*See id.* at 10-11). Specifically, Mr. McCullough contends that (1) the social limitations designated by ALJ Mantel were in "direct conflict" with the job requirements of Surveillance System Monitor; and (2) ALJ Marrow "simply recited the applicable law and gave no substantial basis for rejecting [his] position to reopen the prior determination" in her 2021 decision. (ECF Doc. 13 at 11-12). With respect to ALJ Marrow's 2021 decision, Mr. McCullough contends that the ALJ contained an RFC (with respect to dealing with people) that "essentially mirrors" the RFC issued by ALJ Mantel. (*Id.* at 13). According to McCullough, based on the RFC, ALJ Morrow disregarded testimony from the vocational expert regarding the suggestion that Mr. McCullough may be able to perform the job of surveillance monitor. (*Id.*). Yet, according to Mr. McCullough, when the ALJ needed to determine whether it was appropriate to reopen the prior application, ALJ Morrow "discarded her own decision" and found no basis to reopen, committing legal error in doing so. (*Id.* at 13-14). Finally, Mr. McCullough points to the Appeals Council decision remanding the case because the vocational expert did not provide a basis for his testimony

that Mr. McCullough could perform specific jobs in the national economy within his assessed social interaction limitation. (*Id.* at 14). Accordingly, Mr. McCullough submits that the Appeals Council's decision identifies an "error that is akin to an error on the face of the decision." (*Id.*). Thus, Mr. McCullough asserts that remand is appropriate. (*Id.*).

A review of Mr. McCullough's merits brief arguments (as detailed above) reveals that he has not raised a colorable constitutional challenge—or even alluded to one—in requesting review of the ALJ's refusal to reopen his claim. (*See generally* ECF Doc. 13 at 9-14). Moreover, Mr. McCullough's complaint also is bereft of any constitutional challenge. (*See generally* ECF Doc. 1). Absent a constitutional challenge, the ALJ's determination is not reviewable by this court. *Majeed v. Comm'r of Soc. Sec.*, No. 1:16CV2519, 2017 WL 5952878, at *13 (N.D. Ohio Oct. 12, 2017) (declining to review the ALJ's alleged error in refusing to reopen because claimant had not raised a constitutional challenge), *report and recommendation adopted sub. nom*, 2017 WL 5901023 (N.D. Ohio Nov. 30, 2017). Moreover, the Supreme Court has recognized that neither the Social Security Act (42 U.S.C. § 405(g)) nor the Administrative Procedure Act authorize or provide for judicial review of alleged abuses of agency discretion in refusing to reopen claims for Social Security benefits. *Califano*, 430 U.S. at 107-08. Significantly, the Supreme Court has found that allowing the judicial review of refusals to reopen would defeat the purpose of imposing a time limit on litigation of benefit claims. *See id.* "Congress' determination…to limit judicial review to the original decision denying benefits," the Court observed, "is a policy choice…designed to forestall repetitive or belated litigation of state eligibility claims." *Id.* at 108. Thus, this Court lacks subject matter jurisdiction to review the ALJ's decision not to reopen the prior claim.

Finally, even if the ALJ's refusal to reopen were reviewable, Mr. McCullough's assertion that the ALJ was required to reopen is not well-taken. The same regulation that Mr. McCullough

cites in support of his argument, 20 C.F.R. § 404.988, states the following: "A determination, revised determination, decision, or revised decision *may* be reopened…within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case." 20 C.F.R. § 404.988(b) (emphasis added). Thus, the decision to reopen is within the ALJ's discretion and is not reviewable by this Court in the absence of a constitutional challenge.

Accordingly, I recommend that this court reject Mr. McCullough's sole of assignment of error and AFFIRM the Commissioner's final decision.

## V. RECOMMENDATION

Based on the foregoing, I RECOMMEND that the Court OVERRULE Mr. McCullough's assignment of error and AFFIRM the Commissioner's decision.

Dated: April 5, 2023

*s/ Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
United States Magistrate Judge

## VI. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also

>receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).