IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DAMON MCCULLOUGH,** CASE NO. 3:22 CV 645

    Plaintiff,

    v. JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant. **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Damon McCullough seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Armstrong recommends this Court overrule Plaintiff's assignment of error and affirm the Commissioner's decision. (Doc. 17). Plaintiff filed objections to the R&R (Docs. 18, 20), and the Commissioner filed a response thereto (Doc. 19). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits and supplemental security income in November 2015 alleging a disability onset date of July 30, 2009. *See* Tr. 103. His claims were denied initially and upon reconsideration. *See id.* On January 26, 2017, the ALJ found Plaintiff not disabled in a written decision. (Tr. 103-22). The Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 129-34). On February 5, 2018, Plaintiff challenged that decision in this Court. (Tr. 135-41); *see also*

*McCullough v. Comm'r of Soc. Sec*, No. 3:18 CV 288 (N.D. Ohio). Another Judge of this Court dismissed that action as untimely filed. *See McCullough v. Comm'r of Soc. Sec*, 2018 WL 4189524, at *3-5 (N.D. Ohio).

On March 13, 2018, Plaintiff filed another application for disability insurance benefits and supplemental security income. (Tr. 395-402). He again asserted a disability onset date of July 30, 2009. *See id.* After denials at the initial and reconsideration levels, a hearing before an ALJ, a remand from the Appeals Council, and another hearing before an ALJ, on February 4, 2021, an ALJ issued a partially favorable decision, finding Plaintiff disabled as of the application date. (Tr. 16-29). Therein, the ALJ noted Plaintiff's alleged onset date of July 30, 2009, constituted "an implied request for reopening of the prior applications". (Tr. 17). The ALJ found, however, "there is nothing that warrants a change in the previous decisions [and] the issue of disability is res judicata, involving the same parties and legal questions, to January 27, 2017, the date of the last [ALJ] decision." *Id.* She therefore denied the implied request to reopen. *Id.*

Plaintiff filed the instant action on April 21, 2022. (Doc. 1).

In his initial brief, Plaintiff raised a single argument related to the ALJ's decision: that good cause existed to reopen the ALJ's January 2017 determination as there was an error on the face of the decision. (Doc. 13). In support, Plaintiff cited 20 C.F.R. § 404.988 ("Conditions for reopening"). *Id.* at 9-11. The Commissioner responded, arguing the Court lacked subject matter jurisdiction to consider such an argument as the denial of a request to reopen is not a "final decision" and is therefore not reviewable in the absence of a constitutional claim. *See* Doc. 14.

In her R&R, Judge Armstrong concluded the Court lacked jurisdiction to review Plaintiff's argument because it did not challenge a "final decision" of the Commissioner and did not present a constitutional challenge. (Doc. 17, at 7-10). Further, Judge Armstrong found that even if the

2

ALJ's refusal to reopen was reviewable, the regulation cited by Plaintiff committed to the ALJ's discretion the determination whether to reopen. *Id.* at 9-10. Judge Armstrong therefore recommends the Court overrule Plaintiff's assignment of error and affirm the Commissioner's decision. *See* Doc. 17.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION

Plaintiff raises a single "objection" to the R&R. She contends this case "falls within an exception to the general rule that federal courts lack subject-matter jurisdiction to review a decision by the Commissioner to reopen a prior claim" (Doc. 18, at 1) and the ALJ "constructively

reopened" Plaintiff's prior claim "because she considered the same period and the same evidence." (Doc. 18, at 4). As such, she contends "it is clear that the unfavorable prior decision was erroneous because the second ALJ's decision, based on essentially the same facts, [essentially] resulted in a finding of disability as of July 2009." *Id.* at 6; *see also* Doc. 20, at 1.

This argument was not presented to the Magistrate Judge. In fact, the words "constructive reopening" (or any version thereof) do not appear in Plaintiff's merits brief. *See* Doc. 13. To the Magistrate Judge, Plaintiff argued only that "ALJ Morrow erred in finding no basis to reopen the prior application". (Doc. 13, at 9). This is a different argument than currently presented. To the Magistrate Judge, Plaintiff argued the earlier application *should have been* reopened under 20 C.F.R. § 404.988, whereas in his objections, he argues the application *was* constructively reopened. *Compare* Doc. 13 *with* Doc. 18. The Magistrate Judge addressed the argument presented to her, and she correctly determined the Court lacks jurisdiction to review a refusal to reopen a prior application absent a constitutional challenge and that Plaintiff had presented no such constitutional challenge. *See* Doc. 17, at 7-9; *see also Swartz v. Barnhart*, 188 F. App'x 361, 370 (6th Cir. 2006) ("Generally, federal courts lack jurisdiction to review an administrative decision not to reopen a previous claim for benefits.") (citing *Califano v. Sanders*, 430 U.S. 99, 107–109 (1977)).

As such, "[b]ecause Plaintiff improperly raises this argument for the first time in his objections, it is deemed waived." *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010); *see also Murr v. United States*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

Seemingly recognizing this argument was not previously presented, Plaintiff emphasizes that subject matter jurisdiction cannot be forfeited or waived. *See* Doc. 18, at 3, 6. That is, Plaintiff does not point to specific error in the Magistrate Judge's analysis of his argument, but rather presents a new argument in support of subject matter jurisdiction.

But although Plaintiff is correct that no party may forfeit or waive a *lack* of subject matter jurisdiction, "arguments in favor of subject matter jurisdiction can be waived by inattention or deliberate choice". *NetworkIP, LLC v. F.C.C.*, 548 F.3d 116, 129 (D.C. Cir. 2008); *see also Tompkins v. U.S. Dep't of Veterans Affs.*, 16 F.4th 733, 735 n.1 (10th Cir. 2021) ("This rule holds true even as to arguments in favor of subject matter jurisdiction" because "our duty to consider unargued obstacles to subject matter jurisdiction does not affect our discretion to decline to consider waived arguments that might have supported such jurisdiction.") (brackets and internal quotation marks omitted); *Morse v. Ozark Cnty.*, 609 F. App'x 359, 361 (8th Cir. 2015) (declining to consider arguments in favor of jurisdiction first raised in a reply brief); *Dawaji v. Kohlhoss*, 2014 WL 4913741, at *4 (N.D. Ill.) ("[T]he *proponent* of subject matter jurisdiction, as with any party that bears the burden on a particular point, may forfeit an argument that could have been made to *support* jurisdiction."), *aff'd sub nom. Dawaji v. Askar*, 618 F. App'x 858 (7th Cir. 2015).

Accordingly, the Court declines to address Plaintiff's entirely new argument and finds it waived. Plaintiff had a full and fair opportunity to present this argument to the Magistrate Judge; he does not get a second bite at the apple by presenting new arguments for the first time to this Court in his objections. Indeed, after the Commissioner argued in her original brief that the Court lacked jurisdiction to review Plaintiff's assignment of error, Plaintiff sought and received two extensions of time to file a Reply brief (Docs. 15, 16; Non-document entries dated November 2,

5

2022 and November 16, 2022), yet never filed any such Reply. As such, Plaintiff's objection is overruled.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Armstrong's R&R (Doc. 17) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

     s/ *James R. Knepp II*
     UNITED STATES DISTRICT JUDGE